UNITED INSURANCE Co. OF AMERICA *v.* WOODARD.

5-2242                                              339 S. W. 2d 862

Opinion delivered November 14, 1960.

*Charles E. Plunkett* and *J. Bruce Streett,* for appellant.

*Paul K. Roberts,* for appellee.

PAUL WARD, Associate Justice. This appeal involves the interpretation of the provisions of an insurance policy executed by appellant in favor of appellee on November 20, 1956. The provisions of the policy in dispute provide for

payment of $200 per month for loss of time due to an accident. Appellee sued appellant for the sum of $400, being the amount claimed for time lost from August 28, 1958 to October 28, 1958. The trial court, sitting as a jury, found in favor of appellee and appellant now prosecutes this appeal for a reversal.

Most of the essential facts were stipulated or are undisputed. Appellee, who was engaged as a contractor to supply pulp wood, suffered an injury to his back while so engaged on January 11, 1958, he was disabled and unable to work from that date until March 7, 1958, and he was paid by appellant the sum of $376.66 for the loss of time. On the latter date appellee tried to resume his regular duties and worked intermittently until August 28, 1958, when, as he says, he had to quit work entirely because of the aforementioned injury to his back, and he was unable to work or at least did not work any more until October 28, 1958. It is for the loss of this two months time that he seeks to recover $400 under the insurance policy.

In seeking a reversal appellant relies on three designated points, viz: The court erred in refusing to dismiss appellee's complaint; the court erred in refusing to direct a verdict in its favor at the conclusion of appellee's testimony, and; the court erred in finding in favor of appellee. On all of these points, all discussed together by appellant, and from this discussion it appears that it relies on two principal contentions: *ONE;* Two "Riders" attached to the policy on June 1, 1958, preclude recovery. *TWO:* In the alternative, the disability (causing the loss of time) was not continuous as required by the policy.

*ONE:* It was stipulated by the parties that the insurance policy was in force, subject to all provisions, up to September 1, 1958. On June 1, 1958, an "Impairment Rider" was attached to the policy which provides, in effect, that "the policy shall not cover disability or loss resulting from or caused by any injury to or disease of the spine." Also, on June 1, 1958, another "Rider" was likewise attached to the policy which reduced payments for the loss of an eye, arm or limb and certain combinations

thereof. Both of these "Riders" were signed by appellant and appellee.

We are unable to agree with appellant's contention that these "Riders" precluded appellee from recovering for loss of time resulting from the original injury. The trial court, sitting as a jury, had the right to construe the provisions of these "Riders" strictly against appellant. See *Washington Fire & Marine Insurance Company* v. *Hodge,* 230 Ark. 42, 320 S. W. 2d 926, and *Metropolitan Life Insurance Company* v. *Hawley,* 210 Ark. 855, 198 S. W. 2d 171. Applying this rule of construction to the language in the "Riders" it is fairly deducible that they are effective prospectively and not retroactively. Appellant of course was aware that appellee had suffered a back injury on January 11, 1958 at a time when the policy was in full force and effect; that it had paid appellee for his loss of time following that injury, and; it was aware that appellee had not fully recovered from said injury since he had not been working regularly up to the time that the "Riders" were attached. If appellant had wanted to make it clear to appellee that it would not be obligated to pay him for any more loss of time resulting from the original injury it could have easily so stated. This it did not do.

*TWO:* Part I of the policy provides for payments of stated amounts for the loss of an eye, arm or limb and certain combinations thereof caused by an *accident* referred to throughout the policy as "such injury." Part IV of the policy reads as follows:

"If 'such injury' does not result in any of the specific losses named in Part One but causes *continuous total disability and total loss of time* within twenty days from the date of the accident and *requires regular and personal attendance by a licensed physician,* surgeon, osteopath or chiropractor, other than the Insured, the Company will pay at the rate of the Monthly Benefit stated in the Policy Schedule for one day or more from the first medical treatment *so long as the Insured lives and is so disabled.*" (Emphasis Supplied)

The Policy Schedule provides for a monthly benefit of $200.

It was under Part IV of the policy that appellant paid appellee for his loss of time from January 11th to March 7th, 1958. It is not seriously contended by appellant that appellee's loss of time from August 28th to October 28th, 1958 was not due to the original injury. Nor is it contended that appellee was not totally disabled and suffered a complete loss of time during that period. The record shows that appellee received medical treatment at a doctor's office on July 28th and 30th; on August 2nd, September 23rd and 25th; and October 10th, 20th and 23rd. Thus it appears that there was a compliance with all the provisions of the policy.

It appears to be appellant's contention, with which we can not agree, that appellee's disability was not *continuous* because he was able to work intermittently for a period of time previous to August 28, 1958. Such an interpretation is clearly not in accord with the rule of this court as previously pointed out. The answer to appellant's contention is found in the fact that appellee is not seeking to be paid for the time that he was partially disabled and is only asking for that period of time during which he was totally disabled, unable to work and was regularly attended by a physician. In view of the above, we think the trial court clearly interpreted the policy in favor of appellee. The findings of the court, sitting as a jury, has the same force and effect as the findings of a jury. *Casteel* v. *K. Lee Williams Theatres, Inc.,* 221 Ark. 935, 256 S. W. 2d 732 and *Stewart* v. *Hedrick,* 205 Ark. 1063, 172 S. W. 2d 416.

Affirmed.